**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TY, INC., | ) | |
| | ) | Case No.:  20-cv-6191 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| THE INDIVIDUALS, CORPORATIONS, | ) | |
| LIMITED LIABILITY COMPANIES, | ) | |
| PARTNERSHIPS AND UNINCORPORATED | ) | |
| ASSOCIATIONS IDENTIFIED ON | ) | |
| SCHEDULE A HERETO, | ) | |
| | ) | |
| Defendants. | ) | |

**FINAL JUDGMENT ORDER**

This action having been commenced by TY, INC. (hereinafter "Plaintiff") against the

defendants identified in the attached First Amended Schedule A and using the Defendant

Domain Names and Online Marketplace Accounts (collectively, the "Defendant Internet

Stores"), and Plaintiff having moved for entry of Default and Default Judgment against the

defendants identified in First Amended Schedule A attached hereto (collectively, the "Defaulting

Defendants");

This Court having entered upon a showing by Plaintiff, a temporary restraining order and

preliminary injunction against Defaulting Defendants which included a domain name transfer

order and asset restraining order;

Plaintiff having properly completed service of process on Defaulting Defendants, the

combination of providing notice via electronic publication or e-mail, along with any notice that

Defaulting Defendants received from domain name registrars and payment processors, being

notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the

pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered the Complaint or appeared in any way, and the time for answering the Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defaulting Defendants since Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of Plaintiff's trademarks which are protected by U.S. Trademark Registration No. 2,118,114 for the TY mark, Reg. No. 1,722,141 for the TY logo, Reg. No. 2,703,368 for the BEANIE BABY mark, Reg. No. 5,693,639 for the FLIPPABLES mark, Reg. No. 5,396,599 for the BEANIE BOOS mark and Reg. No. 5,396,599 for the BEANIE BOOS and design mark (collectively referred to as "Plaintiff's Trademarks").

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.).

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1.  Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a.  using Plaintiff's Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any products that are not genuine Plaintiff's Products or are not authorized by Plaintiff to be sold in connection with Plaintiff's Trademarks;

    b.  passing off, inducing, or enabling others to sell or pass off any products as genuine Plaintiff's Products or any other products produced by Plaintiff, that are not Plaintiff's or are not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's Trademarks;

    c.  committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d.  further infringing Plaintiff's Trademarks and damaging Plaintiff's goodwill;

    e.  shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's Trademarks or any reproductions, counterfeit copies or colorable imitations thereof;

    f.  using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other

3

domain name or online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell Counterfeit/Infringing Products; and

g. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defaulting Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any products bearing Plaintiff's Trademarks or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine Plaintiff's Product or is not authorized by Plaintiff to be sold in connection with Plaintiff's Trademarks.

2. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within five (5) business days of receipt of this Order, shall, at Plaintiff's choosing:

a. permanently transfer the Defendant Domain Names to Plaintiff's control, including unlocking and changing the registrar of record for the Defendant Domain Names to a registrar of Plaintiff's selection, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of Plaintiff's selection; or

b. cancel the registrations for the Defendant Domain Names and make them inactive.

3. Those in privity with Defaulting Defendants and with actual notice of this Order, including any online marketplaces such as iOffer and DHgate, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall within five (5) business days of receipt of this Order:

4

a. disable and cease providing services for any accounts through which Defaulting Defendants engage in the sale of counterfeit and infringing goods using Plaintiff's Trademarks, including any accounts associated with the Defaulting Defendants listed in First Amended Schedule A attached hereto;

b. disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using Plaintiff's Trademarks; and

c. take all steps necessary to prevent links to the Defendant Domain Names identified in First Amended Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

4. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of one-hundred thousand dollars ($100,000) for willful use of counterfeit Plaintiff's Trademarks on products sold through at least the Defendant Internet Stores.

5. DHgate shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in First Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

6. All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by DHgate, are hereby released to Plaintiffs as partial payment of the above-identified damages, and DHgate is ordered to release to Plaintiff the amounts from Defaulting Defendants' DHgate accounts within ten (10) business days of receipt of this Order.

5

7.      Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiffs shall have the ongoing authority to serve this Order on DHgate in the event that any new DHgate accounts controlled or operated by Defaulting Defendants are identified.  Upon receipt of this Order, DHgate shall within five (5) business days:

    a.  Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any DHgate accounts;

    b.  Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

    c.  Release all monies restrained in Defaulting Defendants' DHgate accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

8.      Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on any banks, savings and loan associations, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified.  Upon receipt of this Order, the Financial Service Providers shall within five (5) business days:

    a.  Locate all accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites;

    b.  Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defaulting Defendants' assets; and

    c.    Release all monies restrained in Defaulting Defendants' financial accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

9.    In the event that Plaintiff identifies any additional online marketplace accounts, domain names or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the email addresses identified in Exhibit 1 to the Declaration of Jose Santiago and any e-mail addresses provided for Defaulting Defendants by third parties.

10.    The ten thousand-dollar ($10,000) surety bond posted by Plaintiff is hereby released. The Clerk of the Court is directed to release the surety bond previously deposited with the Clerk of the Court.

This is a Final Judgment.

Dated: April 21, 2021

_Thomas M Durkin_
_____

The Honorable Thomas M. Durkin
United States District Court Judge

7

**FIRST AMENDED SCHEDULE A**

| No. | Defendant Name / Alias |
|-----|------------------------|
| 10 | aya134 |
| 12 | kids_best |
| 15 | lscq_legend |
| 16 | shenzhen1 |
| 17 | liuyuchen2018 |
| 18 | netsnake |
| 19 | Funibaoluo |
| 20 | Runbaby |
| 23 | cutetoyss |
| 24 | kidstoy6 |
| 27 | pop_goods |
| 30 | dyf363636 |
| 31 | kawaii_toys |
| 32 | buycheapsdhgate |
| 33 | faone20 |
| 34 | qiananclothings |
| 35 | qianancompanys |
| 36 | qianandhgate |
| 37 | qiananrain |
| 38 | qiananshien |
| 39 | qiananshopping |
| 40 | qiananstore |
| 42 | nakiki |
| 48 | avonqq |
| 49 | aybb |
| 51 | babyandmom |
| 55 | best__toys |
| 56 | best_suppiler |
| 57 | Blockswei |
| 58 | bonroy_international |
| 59 | borida |
| 62 | candykids |
| 63 | candykids8888 |
| 65 | ccyumi |
| 68 | childrenparadise |
| 69 | chinese_sun |
| 72 | electronisupermarket |
| 74 | etamkend |
| 75 | faone24 |

| 79  | fives_market     |
|-----|------------------|
| 82  | gift1234         |
| 83  | goodboystore     |
| 85  | goodsellers2019  |
| 86  | gowdesigner      |
| 90  | happyego         |
| 91  | Hkstore666       |
| 92  | homelot          |
| 93  | hongli98         |
| 97  | isltbs01         |
| 100 | jokerstore       |
| 101 | kawaiitoy        |
| 102 | Lakeball         |
| 105 | lily2baby        |
| 107 | lovedreamstore   |
| 108 | Luckyno          |
| 109 | lulou896         |
| 110 | lunlunwangzi2    |
| 111 | lxhua168         |
| 112 | Magical_b        |
| 113 | mobiletoys       |
| 114 | Monlovebaby      |
| 115 | moongate         |
| 117 | Mummy_babe       |
| 118 | my-df            |
| 119 | Mylove2015       |
| 120 | Naigou           |
| 122 | new_trends       |
| 124 | nice_01          |
| 125 | nice_03          |
| 126 | office2016hs     |
| 127 | offworld         |
| 128 | orfila11         |
| 131 | pipe_01          |
| 133 | qiananmall       |
| 135 | Rh_baby          |
| 137 | rose_liu         |
| 139 | shenyangqq       |
| 140 | sixin_toy        |
| 142 | smart-technology |
| 143 | Sport_xgj        |

| 144 | squishytoy |
|-----|------------|
| 146 | Starone |
| 147 | superestore88 |
| 150 | lydia5566 |
| 151 | Highqualityok |
| 162 | Candychildren |
| 163 | chinaatoybfactory |
| 164 | fashion89toy |
| 166 | fun66 |
| 167 | havory |
| 168 | Linlilan454147767 |
| 169 | Localking |
| 171 | potala_noveltoys |
| 172 | potala_superkids |
| 173 | Redeye |
| 175 | seller_toysgifts |
| 176 | shishan |
| 178 | Tescosupermarket |